This is a suit for specific performance. In February, 1926, complainant, with her husband, now deceased, entered into a contract whereby she agreed to purchase certain vacant property for the sum of $1,800, payable $15 down and $15 each month, with interest on unpaid balances, payable semi-annually. The contract provided that in case the vendee should default in any payment for a period of thirty days, the agreement should be null and void and that all amounts paid on account should be deemed as rent and liquidated damages, and further, that any failure on the part of the vendor to insist upon strict performance of any of the conditions of the agreement should not constitute a waiver of any subsequent breach.
Regular payments were made for some time, then payments became irregular and no payment was made on account of principal since February of 1934, although as late as the spring of 1935, the vendor accepted payments on account of interest. The aggregate of payments amounted to over $1,300. In May of 1936, the vendor declared the contract forfeited. During the period of two or three months prior thereto, the vendor discussed the situation with complainant and in substance notified complainant that unless something was done, the vendor would insist upon otherwise disposing of the property. At no time prior to the declaration of forfeiture did complainant make a tender of the balance due, *Page 553 
amounting to approximately $250. In 1932, the vendor executed a conveyance to one Lillian M. Bott, which was, however, made expressly subject to complainant's rights and was not recorded until May 18th, 1936. Under such circumstances, complainant's rights, if any, were not affected thereby.
It seems clear that complainant is not entitled to specific performance, as she did not comply with the terms of the contract which made time of the essence and which expressly provided for a forfeiture, preferring to make payments as provided therein, and which further provided that a waiver of a default should not affect the right to act under a subsequent default. No equities have arisen in complainant's favor by reason of the installation of improvements on the premises, since they have always remained vacant land. The vendor, therefore, had a right to take advantage of complainant's breach of the contract and no relief can be given to complainant in equity by the extraordinary remedy of specific performance, which is only granted where complainant is wholly without fault. In the case of Bullock v. Adams'Executors, 20 N.J. Eq. 367, the court said:
"It is wise and just that parties to contracts should have the power to make time of the essence. The effect of the doctrine of equity often has been to keep one party uncertain for months or years, whether the other will perform his contract or not; * * *. Unless a party is permitted to stipulate that a contract not fulfilled at a specified time shall not bind him, and such stipulation be enforced in all courts, prudent men will cease to make any contracts for the sale of land."
To the same effect, is Doctorman v. Schroeder, 92 N.J. Eq. 676.
Although not prayed for in the bill of complaint, complainant now asks the court, if specific performance is refused, to impress an equitable lien on the premises in her favor for the amount she has paid under the contract. I do not consider that she is entitled to this, since there is no equitable ground on which the court can grant her this relief, which, in essence, is nothing more or less than a money judgment *Page 554 
for the moneys paid by her. It may be that she has an action at law for this money, however doubtful her claim might be. The cases in which equitable liens have been impressed in suit involving specific performances of real estate purchases have been cases in which the vendor could not give good title and in which, at the same time, vendee had expended money on the premises. In all these cases, the vendee who received the benefit of the lien was not the defaulting party, but was threatened with a loss by reason of a default by the vendor.
A decree will be advised dismissing the bill. *Page 555